UNIE M. METCALF vs. MICHAEL J. McLAUGHLIN.

Suffolk.   Nov. 14, 1876. — Feb. 28, 1877.   AMES & LORD, JJ., absent.

A person, who, at the request of the mortgagor in possession, merely removes certain
   mortgaged chattels from one place to another, against the orders of the mortgagee,
   is not guilty of conversion, although the mortgage provided that the chattels should
   not be removed without the consent of the mortgagee, and such consent was not
   given.

TORT for the conversion of certain chattels.

At the trial in the Superior Court, before *Rockwell*, J., the
plaintiff put in evidence a mortgage of the chattels given by
Amelia Merrill to one Hall, and an assignment by Hall to her
before the alleged conversion.   The chattels, when this mort-
gage was given, were situated in house No. 400 Shawmut Ave-
nue, Boston, and one of the provisions of the mortgage was that
the mortgagor should not, except with the consent in writing of
the grantee or his representatives, attempt to sell or to remove
from said house on Shawmut Avenue the same or any part
thereof.

On August 23 and 25, 1873, the defendant, and other persons
employed by him, removed the mortgaged chattels from No. 400
Shawmut Avenue.   The defendant was a teamster, and made
the removal at the request of the mortgagor, who was in posses-
sion ; and no consent in writing or otherwise had ever been
given by the mortgagee or his assigns that the property might
be removed.   The husband of the plaintiff testified that at the
time and place of the removal of the property, he, as her agent,
disclosed to the defendant the title of the plaintiff under the
mortgage, forbade the removal of the goods, and attempted to
take possession of the mortgaged property by seizing hold of one
piece, but was compelled by the superior force of the defendant's
men to relinquish it ; that the defendant said at the time, "I
don't care for your mortgage ; I know my business ; I shall re-
move the goods ; " that he removed them and delivered them to
the mortgagor at No. 196 Shawmut Avenue ; that the plaintiff
was not informed at the time where the goods were to be re-
moved to, and did not learn where they had been taken for sev-
eral days ; and that the plaintiff had never obtained the goods

or any part of them. The evidence introduced by the defendant conflicted with some of the statements of this witness.

The defendant testified, among other things, that he was a teamster; that he was applied to by Mrs. Merrill to move her goods from No. 400 to No. 196 Shawmut Avenue; that while engaged in the moving, and after a part of the furniture was loaded upon his wagon, the witness Metcalf presented himself at the house and said he had a mortgage on the goods that he was moving, and forbade him to remove them; that the next day after suit was brought, Metcalf came to the witness at his stand and asked him where the goods were that he moved the day before, and he told him that they were at 196 Shawmut Avenue, and that if he had any claim on them he had better go there and make it; and that he had no interest in the goods, and he, Metcalf, knew it.

The defendant also testified that Mrs. Merrill was in possession of the property, and gave him the keys to the house, and that he knew nothing of Metcalf's alleged mortgage till a part of the goods were loaded on his wagon; that all he did was to take the goods as a truckman, from one house to the other, for Mrs. Merrill; that he never asserted any title to them, but left them in the same condition that he took them; and that the houses were in plain sight of each other. It appeared that the plaintiff made no further attempt to follow the goods.

The judge, upon the evidence in the case, ruled, without objection, that the plaintiff was entitled to take the immediate possession of the property at the time of the removal; and, upon the question of conversion, the judge, at the request of the defendant, instructed the jury that the mere removal of the goods from one place to the other on the same street, at the request of the mortgagor, was not of itself a conversion, because the mortgagor, having rightful possession, might lawfully direct such removal, if it was not done with intent to injure the mortgagee or deprive her of her property; and the plaintiff excepted.

The plaintiff requested the judge to instruct the jury that if the defendant removed the goods from No. 400 Shawmut Avenue without the consent of the plaintiff, and against her orders, and delivered them to Mrs. Merrill the mortgagor, at No. 196 Shawmut Avenue, this would constitute a conversion, and that

the fact that the defendant was making this removal of the goods at the request of Mrs. Merrill would not be a justification of the defendant, nor exonerate him from liability in this action.

The judge refused so to instruct the jury, except as given in the following instructions: " If the defendant, a teamster, hired by Mrs. Merrill to remove her furniture, the goods in question, from No. 400 to No. 196 Shawmut Avenue, took and carried the goods with intent to apply them to his own use, or to that of Mrs. Merrill, it was a conversion. But if the jury are satisfied that he had neither intent, but only the intention simply to transport the goods from one house to the other, to be used by Mrs. Merrill in the latter house, as they had been in the former, and the plaintiff did no more than to forbid the removal, showing some papers which he said were mortgages to his wife, under which she was entitled to possession, and that he was acting for her, with no officer or other person with him, the jury may find that there was no conversion of the goods, and may find a verdict for the defendant."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. C. Linscott*, for the plaintiff.

*W. H. Towne*, for the defendant, submitted the case without argument.

COLT, J. The mortgage, under which the plaintiff claims as assignee, contained a stipulation on the part of the mortgagor that the mortgaged goods should not be removed from the house in which she then lived without the consent of the mortgagee. After the mortgage was given, the possession of the property remained with the mortgagor, by the consent of the plaintiff, up to the time of the alleged conversion.

The defendant was a teamster employed by the mortgagor to remove the goods to another house in the same street, and, while so employed, was forbidden to remove them by the agent of the plaintiff.

The jury found, under the instructions given, that the defendant had no intention to convert the property to his own use, or to the use of the mortgagor, but simply intended to transport it from one house to another, there to be used as before by the mortgagor; and that the plaintiff's agent only forbade such re-

moval, and showed the mortgage, under which he said he was entitled to possession, after the defendant had already removed a part of the goods.

We see no error in the refusals of the judge, or in the instructions given. The plaintiff, as mortgagee, having the legal title and right of possession, permitted the goods to remain in the possession of the mortgagor, and thereby authorized her to commit the temporary custody of them to the teamster, who, as her servant and agent, had undertaken to remove them to her new residence in the vicinity. The legal possession of them was still in the mortgagor; and there was no intent on the part of either to deprive the plaintiff of the property. Although the mortgagor had agreed not to remove the goods, still, so far as this defendant's justification is concerned, she might " lawfully direct such removal; " and that is all that was meant by the ruling at the trial.

The case discloses on the part of the defendant no assumption of ownership, or of a right to dispose of another's goods, by wrongfully taking, illegally using, or wrongfully detaining them. *Polley* v. *Lenox Iron Works*, 2 Allen, 182. *McPartland* v. *Read*, 11 Allen, 231. *Gilmore* v. *Newton*, 9 Allen, 171.

*Exceptions overruled.*