## Case No. 8,487.

### LONGFELLOW v. LEWIS.

[2 Hask. 256.] [1]

Circuit Court, D. Massachusetts. Oct., 1878.

TROVER—POSSESSION IN THIRD PARTY WITH LIEN—WHO LIABLE—MOTION TO SET ASIDE VERDICT—CONFLICTING TESTIMONY—MOTION FOR NEW TRIAL—EFFECT OF DELAY IN DECIDING.

1. Trover will lie by the general owner of goods against another who had converted them to his own use, although a lien existed thereon in favor of a third party who had the immediate possession.

2. All persons aiding to deprive the true owner of his goods are liable for their conversion, whether they profit by the transaction or not.

3. The verdict of a jury will not be set aside when evidence has been given on both sides, and it is satisfactory to the court.

4. When a verdict has been rendered for the plaintiff, and a motion for a new trial has been filed, and thereafterwards the defendant has been summoned as the plaintiff's trustee before the motion was disposed of, the court will not delay judgment, as its action upon the motion must be considered as had on the day when the motion was filed.

Tort, by [Levi Longfellow] a citizen of Minnesota against [Marshall A. Lewis] a citizen of Massachusetts for a quantity of butter, alleged to have been converted by the defendant to his own use. A verdict had been rendered for the plaintiff, and the defendant moved for a new trial because the same was against law and evidence. After the motion had been filed, and before the same had been disposed of, the defendant was summoned as the plaintiff's trustee, and for that cause, when the motion was overruled, claimed that judgment against him should be delayed.

Seth J. Thomas, for plaintiff.
Edward Avery, for defendant.

Before CLIFFORD, Circuit Justice, and FOX, District Judge.

FOX, District Judge. This is an action of tort, brought by a citizen of Minnesota, to recover for a quantity of butter consigned by him for sale to one Warner, at Boston, in 1877. Warner received the butter, paid the freight, and stored the same with Walker, and died a day or two afterwards. J. M. Way was immediately appointed his administrator, and the butter was sold by Walker, who rendered to the defendant, a brother-in-law of Warner, an account of sales, and paid to him by check payable to his order the amount received for the butter, less expense of storage and commission. Evidence was introduced tending to show that the defendant had advanced Warner one thousand dollars under the pretence that it was to be sent to the plaintiff on account of this consignment, with the understanding that defendant was to have security upon

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

the merchandise for this advance, and that after Warner's death, the defendant directed the sale to be made by Walker of the butter, and assisted in obtaining a purchaser.

The defendant testified that he gave no directions as to the sale, and did not assert any claim to the butter; but that he indorsed and delivered to Way, the administrator, the check received by him from Walker; and the jury were instructed that if they believed the testimony of the defendant, he was entitled to their verdict. They, however, found for the plaintiff for the full value of the butter, and the defendant now moves for a new trial.

The first objection is that, although the plaintiff was the owner of the goods, he was not in the immediate possession of the property at the time of the sale and conversion, as the possession was in Warner and his legal representatives, with a right to retain the same until payment of the freight and storage thereon. To maintain trover, the plaintiff must ordinarily have a right to the present possession of the goods, but an intervening right, by way of lien, will not deprive the general owner of this remedy against the wrong doer. 2 Greenl. Ev. § 640, note 2; Gordon v. Harper, 7 Durn. & E. [Term R.] 9; Nicolls v. Bastard, 2 Cromp. M. & R. 659; Rugg v. Barnes, 2 Cush. 591; Harvey v. Epes, 12 Grat. 153.

The defendant requested certain rulings that will hereafter be considered, which were refused. The jury were instructed "that, in order to hold defendant accountable in this action, they must be satisfied that he intermeddled with the property, exercised acts of ownership over it, and by his conduct aided to deprive the plaintiff of his property."

By rendering their verdict for the plaintiff under this instruction, the jury must have found that the plaintiff had been deprived of his property, and that this had been done by reason of defendant's interference and exercising acts of ownership over it. All who are concerned in such a transaction, thus interfering and dealing with the property of another, so that the same is lost to its true owner, are clearly accountable to him for its value, and are guilty of a conversion of the property.

It is said that, by this instruction, the intent of the tort-feasor is wholly ignored; that he may not have contemplated anything wrongful or injurious to the owner; but in such a case as the present, the intent is immaterial; the result is the gist of the action; the loss of this property to the plaintiff by the defendant's wrongful taking and disposing of the merchandise is without justification; and in such a case, without regard to the motive which prompted the act, the wrong-doer is responsible for the immediate consequences of such conduct, and is obliged to afford indemnity

therefor. A carrier, believing that a party who claims merchandise in its possession to be lawfully entitled thereto, may, with entire innocence, deliver the property to such claimant; but his motives and intentions, however honest, would not afford him any defense against the claim of the true owner of the property.

We are referred to the case of Metcalf v. McLaughlin, 122 Mass. 84. There, a teamster, at the request of a mortgagee, removed certain household furniture from No. 400 Shawmut avenue to No. 196 in the same street, and delivered the same to the mortgagee, and it was held to be no conversion. The possession of the furniture being all the time in the mortgagor, the jury found the defendant had no intent to convert the property to his own use, or to the use of the mortgagee, but simply intended to transport it from one house to another, there to be used as before by the mortgagor. The court says (page 87): "The case discloses on the part of the defendant no assumption of ownership, or of a right to dispose of another's goods, by wrongfully taking, illegally using, or wrongfully detaining them." In the present case, an assumption of ownership and an illegal disposal of the goods, so that the plaintiff lost them, were found by the jury under the instructions given to them by the presiding judge.

Ever since Holt's time, it has been the law, "that assuming to one's self the property and right of disposing of another's goods is a conversion."

The first instruction requested was as to the right acquired by an administrator to sell and dispose of the property. As the plaintiff only claimed to hold defendant accountable for his own conduct in depriving him of his property, this instruction was wholly irrelevant.

The second request was, "that if defendant did not receive any of the proceeds of the sale of the butter, he was not to be held accountable." If by the acts of defendant, the plaintiff has been deprived of his goods, it is wholly immaterial whether the defendant did or did not profit thereby.

The third was, "if the defendant merely aided the administrator in making the sale of the goods, and indorsed the check given for the proceeds of the sale, without retaining any portion of such proceeds, that would not be, as a matter of law, a conversion of the goods by the defendant, and the plaintiff would not be entitled to recover in this action." This instruction was not given; but the jury were instructed that, if they credited the testimony of the defendant, he was entitled to their verdict. The requested instruction as drawn should not have been given, as where one party aids another in depriving a third party of his goods, under ordinary circumstances, all concerned in the proceeding are jointly accountable for the value of the property.

The instructions given by the court were more full, precise and direct, and of them, it is very certain the defendant has no cause of complaint. Whether they could have been sustained if plaintiff had excepted, it is not necessary for us now to determine.

In Bray v. Hartshorn [Case No. 1,820], Mr. Justice Clifford says: "When evidence is given on both sides, and the verdict of the jury is satisfactory to the court, the parties must not expect an extended argument in disposing of a motion for a new trial." This is all we deem necessary to remark on that portion of the motion which alleges the verdict was against the evidence.

It is suggested in argument, that since the verdict, the defendant has been summoned as trustee of the plaintiff. This we do not deem a valid cause for delaying judgment in the present suit, as the action of the court in disposing of the motion must be considered had as of the day when the motion was filed. The intervening delay, being for the accommodation of counsel and of the court, should not in any degree affect the right of the plaintiff to the fruits of his verdict. Motion overruled. Judgment on the verdict.