THEODORE L. SAVAGE *vs.* CHARLES H. DAVIS.

Suffolk. Jan. 30. — March 2, 1883. FIELD & W. ALLEN, JJ., absent.

If a debtor, owning two cows, is entitled, after the seizure and removal of one of them on an execution against him, to elect which cow shall be exempt from execution, under the Gen. Sts. *c.* 133, § 32, *cl.* 4, he must make such election within a reasonable time; and, if he fails so to elect, the officer may make an election for him, and he is bound by such election.

If one of two cows belonging to a debtor is seized upon an execution against him on the morning of one day, and is not removed from his premises until the evening of the next day, a jury would be warranted in finding that he had waived his right to elect which cow should be exempt from execution, under the Gen. Sts. *c.* 133, § 32, *cl.* 4, by not making such election until six days after the removal.

A whip, owned and used by a debtor on his farm, is not exempt from seizure on execution, under the Gen. Sts. c. 133, § 32, *cl.* 5, in the absence of special circumstances entitling him to hold it as so exempt.

TORT, for taking and carrying away the following articles, alleged to be the property of the plaintiff: one dark-colored cow, one farm-cart, one tip-cart, one cart harness, one whip, one farm-pung, and one buffalo-robe. The defendant, a deputy sheriff, admitted the taking, but justified under an execution

in favor of Catharine Hayward against the plaintiff, by virtue of which he seized and sold the property in question ; and alleged that the plaintiff waived his right, if he had any, to hold said articles, or any of them, exempt by law from seizure on execution.   Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff had another cow, which the defendant left on the premises as exempt from seizure under the statute, as he testified.

The defendant testified that the property was seized on the morning of February 27, 1880, and put in possession of a keeper, and was finally removed from the plaintiff's farm in Wakefield, in the evening of February 28, 1880, before the plaintiff had returned from his place of business in Boston.   Evidence was offered tending to show that all the articles taken were in use, and necessary for use, on the plaintiff's farm, at the time of the levy.

The plaintiff offered evidence. which was contradicted by the defendant, that on March 6, 1880, and before the sale of said property, which occurred on that day, he gave the following notice to the defendant, dated March 5, 1880, and signed by him : " Sheriff Davis : I hereby give you notice that I claim the dark-colored cow, which you have under attachment in the case of Catharine Hayward *v.* myself, as exempt from attachment and execution under the statutes of this Commonwealth.    I shall hold you strictly responsible for this cow, and I demand her instant return to me.   I also claim, as exempt under the statute, the following other property taken by you from my premises, to wit: one farm-cart, one buffalo-robe and whip, and one cart harness.   I demand the instant return of all of these articles also, and shall hold you strictly responsible for all of them."

The only evidence offered by the defendant of a waiver by the plaintiff of his election to have the dark-colored cow exempt, instead of the other one, related to an alleged waiver on March 6, 1880, and just before the sale commenced, and after the time when, by the plaintiff's evidence, the above notice was given.

The judge instructed the jury that they might lay out of consideration the farm-cart, tip-cart, cart harness, whip, farm-pung, and buffalo-robe, because neither one of those articles was exempt from being levied upon in execution; that if the

plaintiff waived his rights, under the statute, to his exemption of the cow, he could not recover at all; that, independently of the question of waiver, the plaintiff had the right of election as to which cow should be exempt under the statute; that, if he failed to elect within a reasonable time, the defendant would have the right to make an election for him, and he would be bound by the defendant's election; that it was a question for the jury to determine whether the plaintiff exercised his right of election within a reasonable time, under all the circumstances of the case; that if he did not, in their judgment, so elect within a reasonable time, and they should find that the defendant in good faith made an election for him, then the plaintiff would be bound by the defendant's election, and would not be entitled to recover.

In relation to this last instruction the plaintiff contended that this was a matter of law, and not one of fact, and that the plaintiff could make his election at any time before the sale.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*P. H. Hutchinson*, for the plaintiff.

*S. K. Hamilton*, for the defendant.

C. Allen, J. 1. Where a debtor was possessed of two horses, one of which was exempt from attachment, it was held in Maine that the debtor might elect which animal should be exempt. *Everett* v. *Herrin*, 46 Maine, 357. If such election may be made after the seizure and removal of one of the animals, it is reasonable to hold that it must be done so promptly as not to mislead the officer into the belief that the owner acquiesces in the selection which has been made. It is not necessary to show that the owner in express terms waived the privilege of making such election. The instructions were sufficiently favorable to the plaintiff to protect all his rights carefully, and led the jury to an apparently just result. Their finding that the plaintiff did not make his election within a reasonable time appears to us to have been right, as far as we can judge, in view of the controverted facts.

2. Of the articles sued for, no real claim is now made by the plaintiff except as to the whip; and no facts are shown which entitled him to hold this as exempt.          *Exceptions overruled.*