## JANE D. COPP *vs.* WRIGHT W. WILLIAMS.

Suffolk.    March 22. — Sept. 7, 1883.    DEVENS & W. ALLEN, JJ., absent.

If an officer attaches personal property which is exempt from attachment, an omission of the owner to claim it as exempt does not, as matter of law, constitute a waiver of the exemption.

If articles of household furniture, which are exempt from attachment, are intermingled, in the house of the owner, with other similar articles not so exempt, this is not such a confusion of goods as will justify an officer, upon failure of the owner to claim any of the articles as exempt, in attaching all of them.

A mortgagor of personal property, who is rightfully in possession at the time when it is wrongfully attached, may maintain an action against the attaching officer, although the attachment constitutes a breach of a condition of the mortgage.

No exception lies to the giving of instructions which were requested by the excepting party.

TORT in two counts. The first count was for the conversion by the defendant of "one black-walnut folding bed, three walnut chairs covered in red plush, one walnut sofa covered in red plush, two large walnut easy-chairs covered in red plush," and other articles of household furniture enumerated, the property of the plaintiff. The second count was for injury to the plaintiff's business of a boarding-house keeper.

The answer alleged that the defendant attached the property mentioned in the first count, as a constable of Boston, duly authorized to serve civil process, by virtue of a writ in favor of William Simonds against this plaintiff and John H. May, trustee, as mortgagee of said property, returnable to the Municipal Court of Boston on November 26, 1881, which action was duly entered and is now pending in said court. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff put in evidence tending to show that she owned said property subject to the mortgage to May; that the defendant came to the house which she occupied as a boarding-house, in Boston, on November 15, 1881, and read a paper to her, the contents of which she did not remember, and claimed to attach the property described in the first count, by virtue thereof, and to place a keeper over the same; she then put in evidence the following notice, signed by her, which she gave the defendant on the date thereof, November 18, 1881: " As you have been pretending to move furniture from the house occupied by me, 31 Bowdoin Street, Boston, for three days, I now notify you to take out at your peril such furniture as you see fit, under your attachment, by twelve o'clock to-day, and remove your keeper."

The plaintiff also offered evidence tending to show that she kept a boarding-house, having eighteen or twenty boarders; that the defendant took out all the furniture she owned in the house, except what was worth $113; that the defendant kept his keeper in the house an unreasonable time after she gave said notice, to wit, more than twenty-four hours; and also evidence tending to show the value of the property attached and taken away by the defendant, and of that which belonged to her which remained after he had taken away the portion attached; that he took away said property in a very disagreeable and improper manner; and that said property was exempt from attachment.

There was evidence tending to show that some of the furniture in some of the rooms belonged to the boarders; and that the plaintiff made several oral demands upon the defendant to release his entire attachment.

The defendant offered evidence tending to prove the allegations of his answer. He also put in evidence the mortgage of the property to May, which was conditioned for the payment of $650 in six months from October 10, 1881, the date thereof, with interest semiannually at the rate of seven per cent per annum, and that the mortgagor should not suffer the property therein described, or any part thereof, to be attached on mesne process; and the defendant also put in evidence tending to controvert the evidence put in by the plaintiff. It was admitted that the action of Simonds against this plaintiff, and May as trustee, is still pending in said Municipal Court. The defendant also introduced evidence, which was not contradicted, that, at the time the attachment was made, the value of the plaintiff's furniture in said house was over $1300.

The defendant asked the judge to give the following instructions: "1. If the plaintiff did not claim the property as exempt, but suffered it to be removed without making such a claim, she waived her privilege thereby. 2. If some of the goods in the plaintiff's house were of such a nature as to be exempt from attachment, but there was a greater number or amount thereof than the debtor was entitled to hold under the exemption act, the defendant might lawfully attach the whole; and a neglect by the debtor to claim and set apart a portion thereof as exempt, knowing the same to be attached, will constitute a waiver of her right to hold any of said property as exempt from attachment. 3. The condition of said mortgage was broken when the attachment was made, and the plaintiff had no longer the right of possession of said property. The mortgagee had then both the right of property and the right of possession; and if the defendant is liable to any one, he is liable solely to the mortgagee, and the action should have been brought by him, and not by the plaintiff."

But the judge refused to give these instructions, and in place of the first two instructed the jury as follows: "The officer attaching was bound to leave whatever was necessary, not exceeding $300 in value; whatever was necessary for her and her family, in the language of the statute. It was not necessary for the plaintiff to point out to the officer what household furniture was exempt from attachment, or to demand of the officer

that what was exempt should be left in the house and, not be taken away by him and not attached by him."

The defendant also asked the judge to give several other instructions to the jury, all of which were given.

The jury returned a verdict for the plaintiff; and "to all which instructions and refusals to instruct" the defendant alleged exceptions.

*C. W. Clark*, for the defendant.

*S. J. Thomas*, for the plaintiff.

C. ALLEN, J.   It is not contended, on the part of the defendant, that there was any breach of the condition of the mortgage except by his own act of making an attachment of the property. The mortgage itself is not before us, but it appears that it was dated October 10, 1881, and was given to secure the payment of $650 in six months from date, with a condition that the mortgagor should not suffer the property therein described, or any part thereof, to be attached on mesne process.   The attachment was made on November 15, 1881.   We do not know whether the mortgage contained an express stipulation that the mortgagor should remain in possession till default in the payment of the sum secured, or till condition broken; but, from the fact that she actually remained in possession, and from the absence of anything to show that such possession was wrongful, it may be assumed that her possession was with the consent of the mortgagee; and indeed the defendant's third request for instructions appears to recognize that this was so, until after condition broken.   When a mortgagee of personal property is entitled to the possession of the property, the mortgagor, having no right to the possession as against the mortgagee or his assigns, cannot maintain an action of tort in the nature of trover against the mortgagee or his assigns.   *Landon* v. *Emmons*, 97 Mass. 37. But, as against all persons except the mortgagee and those claiming under him, the mortgagor in possession may maintain such action.   *Cram* v. *Bailey*, 10 Gray, 87.   *Metcalf* v. *McLaughlin*, 122 Mass. 84.   *Hanmer* v. *Wilsey*, 17 Wend. 91.   And in *Vaughan* v. *Thompson*, 17 Ill. 78, it was expressly held that a mortgagor in possession of property exempt from execution may maintain an action against an officer who improperly levies thereon.

The three instructions which were first requested were all properly refused.

1. If an officer attaches property which is exempt from attachment, a waiver of the exemption is not established, as matter of law, by the owner's omitting to claim it as exempt, and .suffering it to be removed without making such claim. These facts, if proved, may tend to show a waiver; but do not necessarily show it.

2. The second instruction requested appears to rest on the supposition that this was a case of confusion of goods. It has been held in several cases that, where goods which are exempt from attachment are so intermingled with other similar goods, which are not exempt, that the officer cannot distinguish them, and so is unable to determine whether the owner intends to claim any portion of the common stock or supply as exempt, it is the duty of the owner who sees the officer about to attach the whole to give notice of his intention to rely upon the exemption authorized by law. In *Nash* v. *Farrington*, 4 Allen, 157, provisions were kept both for the purpose of sale and for the use of the debtor's family; and the officer found the whole supply in the place where the owner kept them for sale. No portion had been set apart for the use of the family, or at the time of the attachment was claimed as held for that use; and it did not appear that the officer had any knowledge or reason to suppose that any portion was intended to be so held or kept. Under these circumstances, the officer was held to be justified in seizing the whole. In *Clapp* v. *Thomas*, 5 Allen, 158, the corn that was attached was part of a crop raised by the plaintiff, of which he sold a part, and with a part of which he fed his cattle and swine. He kept the whole of it together, in a building separate from his dwelling, without setting apart any portion of it for the use of his family; and he did not, when it was attached, claim any part of it as exempt. The case was held to come within the doctrine of *Nash* v. *Farrington.* See also *Stevenson* v. *White*, 5 Allen, 148; *Eager* v. *Taylor*, 9 Allen, 156; *Woods* v. *Keyes*, 14 Allen, 236; *Dow* v. *Cheney*, 103 Mass. 181.

This doctrine, however, is not applicable to articles of personal property, each of which is of such a kind as to have a separate identity, and to be easily distinguishable from all others. In the

case of animals, for example, it is always understood that it is the duty of the officer to leave in the owner's possession as many of each kind as are exempt from seizure. *Savage* v. *Davis*, 134 Mass. 401. The omission of the owner to make an election which animals he will hold as exempt, is no waiver of the exemption. In the present case, the articles described in the declaration were household furniture, a "black-walnut folding bed, three walnut chairs covered in red plush, one walnut sofa covered in red plush, two large walnut easy-chairs covered in red plush," and so on, nearly all of the articles being so described as apparently to be easily distinguished and identified. These were, as is recited in the defendant's request, in the plaintiff's house, and were so situated and used as clearly to show that they would, to the specified limit of value, fall within the provision of the statute exempting household furniture from execution. Such articles of furniture may be intermingled with other furniture not exempt, without being confused; they do not fall within the rule declared in *Clapp* v. *Thomas*, and other similar cases; and the instruction of the judge, as applicable to them, was correct. If any of the articles were of such a kind as not to be readily distinguishable from others, special attention should have been called to the fact.

3. It was then contended by the defendant, that his own act of attaching the property constituted a breach of the condition of the mortgage, which gave to the mortgagee both the right of property and the right of possession, so that he alone could maintain an action for the attachment, if wrongful. Assuming it to be true that, under the provisions of the mortgage, the plaintiff's right would cease upon breach of condition, she was in possession, and apparently in rightful possession, at the time when the defendant's attachment was made. It was his wrongful act which determined her right. He deprived her of her rightful possession, and thereby caused the whole injury of which she complains; and for this interference with her rightful possession, she may well maintain the action.

Finally, the defendant asked for several instructions to the jury, which were given as requested, and of which he now complains. But no such complaint is open to him.

*Exceptions overruled.*