CHARLES H. LANGDON, executor, *vs.* MASSACHUSETTS
BENEFIT ASSOCIATION.

Suffolk.    March 18, 1896. — May 27, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Beneficiary Association — Failure to pay Assessment — " Mortuary and Dis-
ability Purposes " — Forfeiture of Policy — Waiver.*

It is no defence to an action upon a certificate of membership issued by a bene-
ficiary association that the plaintiff's intestate failed to pay an assessment " for
mortuary and disability purposes " on notice, if it is open to the plaintiff under
the agreed facts to contest the validity of the assessment, the case being gov-
erned by *Margesson* v. *Massachusetts Benefit Association*, 165 Mass. 262; and an
offer to pay the assessment not accepted by the defendant and withdrawn by
the bringing of the suit cannot be regarded as a waiver of any objection to the
validity of the assessment.

CONTRACT, to recover $5,000 and interest, alleged to be due
on a policy of insurance issued by the defendant on May 7, 1884,
on the life of Reuben Langdon. The case was submitted to the
Superior Court, and, after judgment for the defendant, to this
court on appeal, upon agreed facts, in substance as follows.

Reuben Langdon died on August 17, 1893. On August 11,
1893, the plaintiff wrote to the treasurer of the defendant en-
closing a certified check for $30.88, the amount of an assessment
and call made by the defendant on the policy, which papers were
received in due course. The call was made in accordance with
the provisions in the said policy contained. This call was issued
on July 1, 1893, and was payable on August 1, 1893, and notice
thereof was sent in due course to and received by the insured.
The call stated that it was " for mortuary and disability pur-
poses, and not exceeding one thirtieth of one per cent on the
amount insured for expenses under Article XVI. of the By-
Laws of this Association, and in accordance with the statutes of
Massachusetts." On August 15, 1893, the assistant treasurer of
the defendant wrote to the plaintiff acknowledging the receipt
of the letter of August 11, and refusing to accept the check solely
on the ground that, August 1 having passed, the defendant
elected to treat the policy as forfeited. Afterwards, on November

29, 1893, a tender of the said sum of $30.88 was made in legal money to the proper officers of the defendant in payment of the call, and they declined to receive it.  The conditions of the policy had been fully and in all respects complied with, except the seventh, and this condition, which provided that " a failure to comply with the rules of said Association as to payment of assessments . . . shall also render this certificate void," in all respects except in so far as the assessment and call in question were not paid on or before August 1, 1893.

If the plaintiff could maintain the action, he was to recover the sum of $5,000, and interest from the date of the writ.

*M. Storey & R. F. Sturgis*, for the plaintiff.

*A. Hemenway & A. E. Avery*, for the defendant.

MORTON, J.  The case of *Margesson* v. *Massachusetts Benefit Association*, 165 Mass. 262, is in point, and decisive of this case if it is open to the plaintiff to contend that he was not bound to pay the assessment.  The defendant denies that it is open to the plaintiff to make that contention.  It relies on the statement in the agreed facts that " the call was made in accordance with the provisions in the said policy contained," and on the inherent evidence afforded by the manner in which the agreed facts are drawn that no such question was intended to be raised.  But it is to be observed that it is nowhere agreed that the amount named in the call was justly due.  That point appears to have been left open designedly.  It is hardly conceivable that it could have been otherwise, when the call on its face expressly stated that it was " for mortuary and disability purposes, and not exceeding one thirtieth of one per cent on the amount insured for expenses under Article XVI. of the By-Laws of this Association, and in accordance with the statutes of Massachusetts," and when the certificate provided as plainly for an annual payment of ten dollars, and an assessment on the death of any member of an additional sum of sixteen dollars and twenty-five cents, and for nothing more.  It was not contended by the defendant at the argument that the amount named in the call consisted of mortuary assessments.  The most that was contended was that there had been deaths, the assessments for which would have amounted to as much as or more than the one which was made.  We think, therefore, that by the phrase referred to was meant, not that the

amount for which the assessment was made was due, but that the call was issued in the manner provided by the certificate, and that under the agreed facts it is open to the plaintiff to contest the validity of the assessment. That being so, it follows from *Margesson* v. *Massachusetts Benefit Association, ubi supra,* that the plaintiff's testator was not bound to pay under the notice which he received, and was not in default by reason of his failure to pay the assessment.

The offer to pay the assessment was not accepted by the defendant, and was withdrawn by the bringing of the suit, and cannot be regarded as constituting a waiver of any objection to the validity of the assessment. *Hill* v. *Commercial Union Assurance Co.* 164 Mass. 406. *Copp* v. *Williams,* 135 Mass. 401. *Taylor* v. *Cole,* 111 Mass. 363.

The view which we have taken of the construction to be given to the agreed facts renders it unnecessary to consider the question which was argued at the bar, whether the state of the testator's health furnished a valid excuse for the non-payment of the assessment.

In accordance with the terms of the agreed facts, the entry must be,

> *Judgment for the plaintiff for $5,000, and interest from the date of the writ, and it is so ordered.*