## Supreme Council Catholic Knights of America v. Wathen, et al.

### (Decided February 1, 1918.)

### Appeal from Union Circuit Court.

1. Pleading—Defects—Demurrer.—Where the petition is defective and defendant demurs but the demurrer is overruled, defendant must stand by his demurrer if he would avail himself of the error. If, however, he files a plea he must be careful not to aid the original pleading for if he cures the defect in the petition by pleading over, his demurrer amounts to nothing.

2. Beneficial Associations—Non-Payment—Cancellation of Certificate. —A member of a mutual benefit association, who has been required under by-laws, not effective as to him, to pay illegal assessments or dues, but who finally ceases to pay dues without affirmatively withdrawing from the society, may not be dropped by the society and his benefit certificate cancelled for non-payment of dues so long as the excess payments suffice to meet the legal assessments actually made against him.

3. Beneficial Associations—Illegal Assessments—Rights of Members. —In such society a member who has paid illegal assessments in excess of the legal assessments, is entitled to have his benefit certificate carried in full force by the society until the excess so paid when applied to the legal assessments made to the society, is wholly consumed.

4. Beneficial Associations—Dues—Assessments.—A member of a mutual benefit society is not bound to pay dues or assessments until the same are made in conformity to the laws of the order and of this Commonwealth.

5. Beneficial Associations—Insurance.—Under section 679, Kentucky Statutes (1903), mutual benefit societies are classed with other insurance companies, and required to attach to or endorse upon the policy or benefit certificate the application of the member and all by-laws and other rules upon which it desires to rely to defeat recovery in case of death of the member.

6. Beneficial Associations—Assessments.—Where the rate of assessment of a member of a mutual benefit society is one dollar per assessment, and the member pays his dues regularly for a number of years and continues in good standing, and the society attempts to increase the rate of assessment from one dollar to two dollars and nineteen cents, per assessment, but fails to attach such new amendment or by-laws to, or endorse it upon the benefit certificate, or offer so to do, such is not in compliance with section 679, Kentucky Statutes (1903), and the new amendment as to such member is inoperative.

7. Beneficial Asssociations—Assessments.—A member of a mutual benefit society by paying an illegal increased assessment for a number of years, does not thereby ratify the action of the so-

ciety in amending the by-laws and changing the rate of assessment, and is not estopped to assert a claim for the excess of such assessment nor to have such excess applied upon the payment of assessments lawfully made.

FREDERICK H. BACON, PERRY B. MILLER and CHARLES F. TAYLOR for appellant.

DRURY & DRURY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Supreme Council Catholic Knights of America, is a mutual benefit insurance society, organized under an act of the Kentucky legislature, passed in 1880. It has subordinate lodges, or branches, through which it receives membership, but it has no agents or solicitors, pays no commission, nor does it realize a profit from its business. It is wholly and entirely a mutual benefit society. On January 25, 1882, E. H. Wathen became a member of the society and was issued a benefit certificate, providing for the payment of two thousand dollars to his wife, Mary E. Wathen, upon receiving proof of the death of the said E. H. Wathen, "he being in good standing in the order"; and further, providing, that the said E. H. Wathen "pay the assessments, dues, and fines assessed against him, according to the law, rules and regulations of said Supreme Council, which may now or hereafter govern the order." Wathen paid all the dues, assessments and fines from the time he became a member of the society in 1882, until October, 1904, at which time he ceased, for some reason, to keep up his communication with the organization, or to pay dues, assessments or fines. He died in November, 1908.

It is alleged in the petition that "He (Wathen) was directed to and did pay or cause to be paid all dues, fines and assessments lawfully and properly levied against him and so continued to do until he was by and with the knowledge and consent of the defendant transferred to and made a member of defendant's branch, No. 903, situated at Waverly, Union county, Kentucky, and after such transfer, the insured continued to pay all dues, fines and assessments lawfully and properly levied against him to this last named branch, of which branch last named the insured was a member November 25, 1908, when he died.

Plaintiffs further say that E. H. Wathen has paid or caused to be paid, to defendant society, sufficient money to have paid all lawful and properly levied dues, fines, and assessments, levied under the laws above quoted, and has performed all the conditions of said certificate and contract of insurance upon his part to be performed, and the plaintiffs have performed all the conditions upon their part to be performed.''

This action is based upon the theory that Wathen while communicating with the society was required to and did pay to it dues, assessments and fines in excess of the legal amount which the society was entitled to receive from him in order to keep his benefit certificate in force and effect; and that although he ceased to pay dues in October, 1904, and his death did not occur until in November, 1908, yet the excess of the illegal assessments paid over that which the society was legally entitled to receive from him, was sufficient to cover all lawful dues, assessments and fines properly chargeable to him up to and including the time of his death, and thereby the certificate of insurance was kept in full force and effect.

It will be observed, however, that the allegations of the petition do not show the amount actually paid by Wathen to the society as dues, assessments and fines; nor the amount of the excess which was paid, if any, over and above that which the society was lawfully entitled to receive from him up to October, 1904, when he ceased to pay, but the answer of the defendant fully supplies this defect, setting out in detail all payments made and the number of assessments. It is insisted that the petition is defective because it did not contain allegations showing that the amount paid by Wathen was sufficient to pay all assessments lawfully made and, the demurrer should, therefore, have been carried back and sustained to the petition. Granting that the petition was deficient, the answer was broad enough to and did cure the defect, and the following rule applies:

''If the petition is defective the defendant must stand by his demurrer to avail himself of the defect in the declaration, or file a plea that is no better than the declaration, and must be careful not to aid the original pleading. If he cures the defect by pleading over, his demurrer amounts to nothing.'' H. J. Poor v. Thomas Stevenson, et al., 8th Kentucky Opinion, 433.

Some confusion has arisen with reference to the proper construction of the language used in the Fenwick opinion wherein it is stated:

"If the excess of the illegal assessments over the legal assessments was sufficient to pay all assessments *that could have been legally assessed* against the certificate in the lifetime of the insured, and to continue the certificate in force up to the time of his death, the plaintiffs are entitled to recover on the certificate." (Supreme Council C. K. A. v. Fenwick, 169 Ky. 269.) Appellant insists that under the language above quoted, it is now entitled to lay and make such assessment or assessments, as would be sufficient to meet all the death losses occurring within the period between the time the insured ceased to pay and his death, according to the constitution and laws of the society. But, this is not what the language means or the idea it was intended to convey. If the excess of the illegal assessments over the legal assessments was sufficient to pay all assessment that were legally assessed against the certificate in the lifetime of the insured, and to continue the certificate in force up to the time of the death, the plaintiffs were entitled to recover on the certificate. It is not the assessments which could have been lawfully made which control, but those which *were in fact* lawfully assessed. A member is only liable for assessments regularly and lawfully made. It has been held by this court in the case of American Mutual Aid Society v. Helburn, &c., 85 Ky. 1, that no assessment or attempted assessment of a society is effective against its members until levied in accordance with the constitution and by-laws of the society. After setting forth what the society must show with reference to the regularity of the proceedings to change by-laws or assessments, the opinion proceeds:

"And they are not bound to pay any assessment until these things occur. Nor do they forfeit their membership by reason of their failure to pay such assessments, unless these things have occurred. And when the society relies upon the failure of any of its members to pay his assessment as a forfeiture of his membership and benefits under its charter, it must show affirmatively that the assessment was made in the manner indicated, otherwise the member cannot be said to be in default. The appellant's answer, tested by these rules, is radically defective. There is no allegation in it, that the assessment was made

by the board of directors, or by an executive committee appointed by the board of directors. The allegation is that 'the assessment was duly made against Samuel Helburn by defendant in accordance with its charter.' The word 'duly' preceding the word assessment signifies nothing but the conclusion of the pleader. It asserts no fact. The word 'assessment' does not mean that the appellant, by its board of directors or executive committee appointed by the board of directors, made the assessment. The words 'in accordance with its charter' plead merely a conclusion of law. They assert no fact. (Ormsby v. Louisville, 79 Ky. 197).''

By section 679, Kentucky Statutes (1903), it is provided that all by-laws or other rules of a corporation forming part of a policy or contract between the parties thereto, or having any bearing on said contract, shall be endorsed on or attached to said policy or certificate, and ''unless so attached and accompanying the policy, no such application, by-laws, or other rules shall be received as evidence in any controversy between the parties to or interested in the said policy or certificate, and shall not be considered a part of the policy, or of the contract between such parties.'' The defendant society admits that it attempted to amend its laws and that the amendment thus attempted was not attached to or endorsed upon the certificate issued to Wathen, as required by section 679, Kentucky Statutes, although the amendment was after the enactment of said statutes, and before beneficial societies, such as this, were excepted from its provisions. By a long line of cases this court has held that such an amendment does not affect the contract between a member and the society; nor can the assessment of a member be increased or changed by such amendment unless it be attached to or endorsed upon the certificate. Supreme Council C. K. A. v. Fenwick, 169 Ky. 275; Masonic Life Association v. Easley, 178 Ky. 56; Short's Administratrix v. Reserve Loan Life Insurance Co., 175 Ky. 554; New York Life Ins. Co. v. Long, 177 Ky. 445; Nuetzel v. Travelers Protective Association, 168 Ky. 734.

It follows therefore that the rate of assessment for Wathen was never changed from the original rate of one dollar, per assessment. It is admitted by the defendant society that Wathen paid six hundred assessments at one dollar each, which brought him to July 1899. The society then attempted to change its rate for persons of

the age of Wathen from one dollar to two dollars and nineteen cents ($2.19), per assessment, but it did not comply with the laws of the order and of this Commonwealth in attempting such an amendment, and as to the certificate of Wathen the attempted amendment was invalid. Wathen, however, continued to pay at the new rate until he had paid one hundred and thirty-one (131) assessments of two dollars and ($2.19) nineteen cents, each. This brought him up to October, 1904. The society again attempted to increase its rate by amending its laws, but this attempted change was also invalid as to Wathen. Under the rule announced in the Fenwick case the society had required of Wathen an excess of one dollar and nineteen ($1.19) cents on one hundred and thirty-one assessments, or a total of one hundred and fifty-five ($155.89) dollars and eighty-nine cents, and this sum was in the hands of the society at the time it alleges Wathen was suspended for non-payment of dues. With this sum in its treasury to the credit of Wathen, it was not within the power of the society to annul Wathen's certificate upon the grounds of non-payment of dues. He had not only paid his dues but had paid them much in advance of the legal requirement, and had to his credit one hundred and fifty-five ($155.89) dollars and eighty-nine cents. It was the duty of the society to apply this upon the lawful assessments made against Wathen until the sum was exhausted, and thus carry his benefit certificate in full force.

By its answer the society alleges only two assessments, numbers 799 and 800, were levied against Wathen, and not paid, "and that by reason of said Wathen's failure to pay said assessments on or before the 10th day of October, 1904, he became *ipso facto* suspended, and all the rights and benefits under the certificate issued to him by the defendant ceased and determined." It nowhere avers other assessments were levied against Wathen which he failed to pay. Since Wathen was only bound to pay assessments duly and regularly levied against him according to the laws of the order and of the Commonwealth, and since he had in the treasury of the society the sum of one hundred and fifty-five ($155.89) dollars and eighty-nine cents, which it held in trust to be applied upon such lawful assessments, it was not within the power of the society to suspend him as of October 10, 1904, for non-payment of dues, nor indeed at any time until the whole of

the excess premiums so unlawfully collected by the society were consumed by the payment of lawful assessments.

It is insisted also that as Wathen paid the increased assessments without objection for more than four (4) years, he thereby ratified and confirmed the action of the representatives of the order in amending the laws of the order, and is thereby estopped to now claim that the assessment was excessive or that the by-law was not effective as to his certificate. This contention is also unsound. The same question was raised and discussed in the Fenwick case, where it is stated:

"But it is insisted that the defense of estoppel is available in this case because the insured acquiesced in the increased assessments and paid them for a number of years. On this point, however, the authorities do not differ, and the rule is well established that the mere fact that the holder of a certificate of a benefit association pays illegal assessments levied against his certificate in violation of his contract, rather than take the possible chances of having his certificate forfeited, does not estop him or his beneficiary from questioning the legality of subsequent similar assessments. Benjamin v. Mutual Reserve Fund Life Ass'n, 146 Cal. 34, 79 Pac. 517; Langdon v. Massachusetts Benefit Ass'n, 166 Mass. 316, 44 N. E. 226; Fort v. Iowa Legion of Honor, 146 Ia. 183, 123 N. E. 224; Supreme Council Catholic Knights of America v. Logsdon, *supra*. The basis of such holding is that the certificate holder, by making such payments, can not be said to have acted fraudulently or wilfully to have done anything to mislead others to their prejudice.

"Being of the opinion that the increased assessments were invalid because the by-laws by which the assessments were increased were not embraced in or attached to the certificate, it is unnecessary to consider any other ground on which the validity of the increased assessments is challenged.

"Since the increased assessments were invalid, it follows that if the excess of the illegal assessments over the legal assessments was sufficint to pay all assessments that could have been legally assessed against the certificate in the lifetime of the insured, and to continue the certificate in force up to the time of his death, plaintiffs are entitled to recover on the certificate. The burden of showing this was on the plaintiffs. Since the number of as-

sessments made under the rate of $1.87 appears, the excess of that rate over the legal assessments is a matter of simple calculation." Supreme Council C. K. A. v. Fenwick, 169 Ky. 269.

The lower court properly sustained the demurrer to the answer as amended, and the judgment is not, therefore, erroneous.

Judgment affirmed.