*Western Division*

No. 142331

ABBIE UNEETA HANSON

v.

ROBERT GRAVELINE
and
UNION TRUST COMPANY OF SPRINGFIELD

*Present:* Riley, P. J. and Alberti, J.

Case tried to ........, *J.* in the District Court of Springfield.

*Alberti, J.* This is an action in contract or tort in two counts against both defendants. The first count in contract in substance alleges that the defendants contracted to procure and maintain insurance covering the plaintiff's automobile against loss suffered by collision. The second count is in tort alleging negligence in the manner in which the defendants "have taken care of the plaintiff's insurance . . . and that because of their negligence, the plaintiff was without insurance . . ."

The plaintiff made an opening statement, after which counsel for the corporate defendant rested and filed a motion to dismiss as to it. "This motion was accepted as tanta-

mount to a request for the court to rule that as a matter of law the defendant was entitled to a finding in its favor." The trial court so ruled. *The plaintiff did not save any rights to this ruling.*

 *The evidence indicated* that Graveline agreed to and did procure for the plaintiff a policy of insurance with the Aetna Casualty and Surety Company covering her automobile against loss by collision, and gave her the policy dated January 16, 1957; and that although no money was paid at that time, the plaintiff made herself liable and the defendant sent her a bill therefor. It cannot logically be said that it should mean that the cancellation was not founded on truth or fact when Graveline himself testified that he had cancelled the insurance.

Though the defendant testified that the policy was cancelled at the request of the plaintiff, the court did not so find, and by its general findings in substance found against that contention. Nor was the defendant clothed with any authorization to cancel the policy, or to return the policy for cancellation, as in *Michelson v. The Franklin Insurance Co.*, 252 Mass. 336.

An agent to procure insurance is not from that engagement alone authorized to effect cancellation of the policy. *Michelson v. The Franklin Insurance Co.*, supra, at p. 340.

 No exception lies to the giving of an instruction which is requested by the excepting party. *Copp. v. Williams*, 135 Mass.

401, 406; *Dennis v. Maxfield,* 10 Allen 138, 143-4, where the court says,

> "We doubt very much the correctness of this instruction. . . . But (it) was given at the express request of the defendants' counsel. It was the rule of law by which he wished the rights of his clients to be tried and determined. His request having been complied with, and the rule of law adopted in conformity therewith, he must now be held to be estopped from objecting to it."

A party cannot raise a question of inconsistency or incompatibility between rulings and findings on a request for report, but must do so by motion to correct the inconsistency or by a motion for new trial. *DiLorenzo v. Atlantic National Bank of Boston,* 278 Mass. 321, 324; *Raytheon Mfg. Co., v. Indemnity Insurance Co. of North America,* 333 Mass. 746, and cases cited, the court said at page 749.

> "If the subsequent action of the judge created an inconsistency — and we think it did — the plaintiff was entitled to have it corrected. That might result in the happening of one of two things. The judge might correct his rulings to conform to his findings, or he might change his findings to conform to his rulings. Unless such correction was made a party would not know with any certainty what principles of law were being applied, and until he knew he could not properly save his rights. In such situations the law affords a remedy. It has been settled by numerous decisions that where there is an inconsistency between a ruling and a finding the remedy is either a motion to correct the inconsistency or a motion for a new trial."

We find no prejudicial error.