*261 Opinion op the Court, by
Ch. J. Boyle.
THIS was a bill in chancery filed»by Ezekiel Harrison, sen, and Ezekiel Harrison, jun. against Davis and Edwards. They allege in substance in their bill, that on the 12th of October, .1813, Davis, by certain articles of agreement signed by them and Davis, covenanted to convey to them by deed of general warranty, five hundred acres ofland, adjoining the Rich Grove survey, being the head-right lands that Davis purchased of Edwards; and that they were to have their choice of afi the head-right lands remaining, after Jesse Harrison; that Davis also bound himself to convey by general warranty deed, eighty-five acres ofland, being part of the military tract he held adjoining, and being a part of the one hundred and seventy-five acres, &c. in consideration of which, &c. &c. all which, will more fully ap.pear, by reference being had to said articles of agreement, which are referred to and made a part of their bill. Nevertheless, they aver, that although they have, on their part, done all which by their contract they were bound to do, yet Davis had not, though frequently requested, conveyed or caused to be conveyed to thsifii; Jhey are, however, advised that the legal title yet remains in Edwards, from whom Davis purchased land; and they pray that Davis may be compelled to obtain the legal title from Edwards, who, as they ar.e in■formed, is willing to convey according to his contract, and that Davis may be compelled to convey to them said five hundred acres, as chosen and selected by them, which they aver they have done; and they ask for gen-enl relief & eral relict. i
i The bill.was taken for confessed against Davis and Edwards, and they were jointly decreed to convey'with *262 general warranty, théland in the #ill and contract mem tLoned,by the first day of May, 1819, and in the event of their failing todo so, Jesse Harrison was appointed’ to convey, and they were, moreover, decreed to pay the costs; and to reverse the decree, this writ of error is prosecuted by Davis and Edwards,
Cause. An exhibit "“t court bo low °until after final de-eree, cannot thc^court ^of appeals, although it is the büf and” (untruly) al-legod to be filed in the
The jjjj| jg manifestly insufficient to warrant the decree. The contract of sale from Edwards to Davis, is n0^ se^ 5 nor ^ even alleged, that he was bound ^ his contract to convey with warranty, and unless there had been some allegation to that effect, or the contract had been exhibited, whereby the court might k'ave scen ffas bound to warrant the title, a decree compelling him to convey with warranty, could not with propriety haVe been pronounced against him. But even as Davis, the allegations of the bill are wholly insufficient to justify the decree. The statement which is given of the contract between Davis and the complain-anj.gj not pUrp0rt to be the substance of the whole terms of the contract. A reference is indeed made to the articles of agreement, which are alleged to he filed and .made a part of the bill, and if they had been filed, they might have supplied the defect in not selling forth particularly, the terms of the contract. But they are not copied into the record; and although they have been sent up to this court, in return to a certiorari directed to the clerk of the circuit court, yet he certifies the fact that they never had been filed, until the day on-which he made out his return. They cannot, therefore, be taken as a part of the bill, upon which the circuit court could have adjudicated; and without them, as the bill only purports to state the agreement in part, it is obviously toodefective to justify the decree. Supposing, however, th^rt thé articles of agreement had been filed in due tithe to be considered a part of (he hill, and the defect in not setting forth the particular terms of the contract, to be thereby supplied; still, as the articles of agreement show that the complainants had stipulated to make sundry payments in money and properly, at different times, it was incumbent on them to aver that they had done so, by sufficient allegations; but thjs they have failed to do. The general allegation, “ that they had done all that they were bound by their contract to do,” is clearly insufficient. By such an averment, they, in effect, assume upon themselves to decide the extent of *263 their obligation, as wallas the nature of-the acts which amount to a discharge of it, whereas they ought to have alleged the facts-they had performed, that $ie court mighfijudge whether they had done whafe^heir contract obliged them to. do.
The decree must be reversed with . costs, and the cause be remanded that the complainants may have leave fo amend their bill, and that such otljer proceedings may be had, as may be agreeable to the rules of equity, and not inconsistent with the foregoing opinion.