CASE 22.—ACTION BY HENRY DENZER AGAINST THE GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN OF KENTUCKY ON A LIFE INSURANCE POLICY.—May 29.

## Grand Lodge A. O. of U. W. of Ky. v. Denzer

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

EMMET FIELD, Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Insurance—Mutual Benefit Insurance—Contract—Constitution as Part of Contract—Statutes.—Ky. St. 1903, section 679, providing that all policies or certificates "hereafter issued" which

Grand Lodge A. O. of U. W. of Ky. v. Denzer.

contain any reference to the constitution of the corporation shall have attached to the policy or certificate the portion of the constitution referred to, or the same shall not be considered a part of the contract, has no application to a certificate issued prior to its adoption.

2. Same—Change of Beneficiaries.—A certificate of a fraternal order recited that it was controlled by the laws of the order, which provided that the member had no property right in the fund named in the certificate; that the beneficiary named therein had no vested right therein until the death of the member; that the member might at any time change the beneficiary without his consent; and that the society should not be liable for the payment of the certificate unless the member named therein should comply with all the laws of the order, etc. A new certificate designated the member's son as beneficiary. The certificate was given to the son under an agreement that he should thereafter pay dues and assessments thereon. The order knew the facts, and for several years accepted payments from the son. Held, that the member could thereafter change the beneficiary or withdraw his membership from the order.

CARUTH, CHATTERSON & BLITZ for appellant.

1. By statute and by the organic laws of the order, the beneficiary acquired no vested interest, but simply an expectancy—an incomplete gift—subject to revocation by the member at any time before his death. (Kentucky Statutes, 670; Bacon on Ben. Societies, 3 Ed., 291-291a; 3 Am. & Eng. Enc. of Law, 2 Ed., p. 992; Lockett v. Lockett, 26 Ky. Law Rep., 300; Wrathers v. Stacy, 26 Ky. Law Rep., 684; Howe v. Fidelity Trust Co., 28 Ky. Law Rep., 285; Mutual Life Ins. Co. v. Twyman, 28 Ky. Law Rep., 853; Manning v. A. O. U. W., 86 Ky., 137; Schillinger v. Boes, 85 Ky., 363; Wirgman v. Miller, 98 Ky., 624; Sturges v. Sturges, 31 Ky. Law Rep., 542; Hopkins v. Hopkins, 92 Ky., 327; Leaf v. Leaf, 92 Ky., 166; Masonic Ben. Assn. v. Bunch, 109 Mo., 461; Masonic Society v. Burkhard, 110 Ind., 193; Hollard v. Taylor, 111 Ind., 126; Fiske v. Equitable Aid, 11 Atl. Rep., 84; Brown v. A. O. U. W., 80 Iowa, 287; Hamilton v. Royal Arcanum, 189 Pa. St., 275; Sofge v. Knights of Honor, 39 S. W. Rep., 853; Fischer v. Fischer, 42 S. W., 450; Westerman v. Sup. Lodge, 94 S. W. Rep., 470; Borgraefe v. Knights and Ladies of Honor, 26 Mo. App., 226; Bunyan v. Reed, 70 N. E. Rep., (Ind.) 1002; Delaney v. Delaney, 51 N. E. Rep., (Ill.) 961; Pollock v. Sup. Council, 84 N. Y. Supp., 943; Jory v. Sup. Council, 105 Cal., 43.)

Grand Lodge A. O. of U. W. of Ky. v. Denzer.

2. The subordinate lodge officers are special agents··with limited authority, and without any power to waive the laws of the order, or to agree to a change in the contract. (Bacon Ben. Societies, 145; A. O. U. W. v. Connolloly, 43 Atl. Rep., 286; Modern Woodmen v.Tevis, 117 Fed., 369; Royal Highlanders v. Scovill, 4 L. R. A., (N. S.) 421; Kocher v. Sup. Council, 48 Atl., 544; Sup. Lodge v. Jones, 69 N. E. Rep., 718; Borgraefe v. Knights of Honor, 26 Mo. App., 226; McCoy v. Roman Catholics, 152 Mass., 272; McDonald v. Chosen Friends, 78 Cal., 40; Sup. Lodge v. Keener, S. W. Rep., 1085; Sweet v. Society, 78 N. E., 641 and other cases.

3. In benefit societies a member has the right to discontinue his membership at any time and quit the order without the consent of the beneficiary. (Lavin v. A. O. U. W., 112 Mo. App., 1; Sov. Camp v. Hicks, 84 S. W., 425; Sheridan v. Modern Woodman, 87 Pac. Rep., 127; Glardon v.Sup. Lodge, 50 Mo. App., 45; Pollock v. Sup. Council, 84 N. Y., 543 and other cases.)

4. Neither beneficiary's possession of the certificate, nor his payment of assessments created any vested or additional right. (See authorities and other points.)

PRYOR, SAPINSKY AND CASTLEMAN for appellee.

AUTHORITIES CITED.

1. The right to a policy or certificate of insurance and the money to become due under it vests immediately upon its issual in the person named in it as beneficiary. This vested right cannot be divested by the insured nor by the company. (Hopkins v. Hopkins, 92 Ky., 324; Weisert v. Muehl, 81 Ky., 336; Kentucky Constitution, 19.)

2. The gift of the certificate of insurance in question from Adolph Denzer to his son, Henry Denzer, (the beneficiary therein) upon condition that said Henry should pay all of the charges of the appellant lodge against same, and the full compliance by said Henry of said agreement vested in him a right to said certificate which neither his father nor said lodge could abbrogate or impair. Am. & Eng. Ency. of Law, 2nd Ed., vol. 3, p. 993; Joyce on Insurance, vol. 2, p. 917, sec. 742; Joyce on Insurance, vol. 2, p. 915, sec. 741; Jory v. Supreme Council, etc., 105 Cal., 20; Smith v. National Benefit Society, 123 N. Y., 85; Pingrey v. National Life Ins. Co., 144 Mass., 374; Lemon v. Phoenix Mutual Life Ins. Co., 38 Conn., 303; Nix v. Donovan, 18 N. Y. Supp., 435; Maynard v. Vanderwerker, 24 N. Y. Supp., 932.)

3. A party cannot complain of an instruction of the court (al-

though said instruction be erroneous) if said party has himself tendered and offered one of the same import or substantially similar. (Gorman v. Louisville Railway Co., 24 Ky. Law Rep., 1939; L. & N. R. R. Co. v. Penrod, 24 Ky. Law Rep., 53; Union Central Life Insurance Co. v. Hughes, 22 Ky. Law Rep., 1551; First National Bank v. Ger. Safety V. & T. Co., 23 Ky. Law Rep., 2126; Smith v. Leforce, 14 Ky. Law Rep., 400; Sample v. Hill, 2 Ky. Law Rep., 65; Clift v. Stockdon, 4 Lippell, 216; Louisville Water Co. v. Phillips, 28 Ky. Law Rep., 557.)

4. When it is clear that a tender will not be accepted, it need not be made. (Am. & Eng. Enc. of Law, vol. 2, 2nd Ed., p. 7; Authorities cited in note under vol. 28, supra.)

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

It appears that one Adolph Denzer became a member of the order of the Ancient Order of United Workmen in the year 1877. He joined Antiquity Lodge No. 30 in Louisville, Ky., on July 23, 1877. A certificate of insurance was issued to him wherein it was agreed that the Grand Lodge would pay at his death the sum of $2,000 to his wife, Mary Denzer,. Appellee, Henry Denzer, at that time was a small boy. It appears that in March, 1886, Adolph Denzer had the above benefit certificate changed so as to read as follows: "To Mary and Henry Denzer, bearing relationship to me of wife and son, $1,000.00 each." This certificate remained in the possession of Adolph Denzer until August 15, 1890. His wife died August 13, 1890. Appellee at that time was living with his parents, being then a young man about 22 years of age. After Adolph Denzer's wife died, he took the last-mentioned certificate to the home office of the recorder of the lodge and requested that the certificate be changed, and a new one issued making his son, appellee, the sole beneficiary of the entire sum of $2,000. This request was granted, and the recorder of the lodge, living near Mr. Denzer, carried the same to his

house and delivered it. Adolph Denzer then, in the presence of the recorder, gave the certificate of insurance to appellee with the understanding that he (appellee) would pay thereafter all the dues, assessments, and charges against same. Appellee faithfully complied with this agreement, and out of his own money and estate paid the Grand Lodge, through its subordinate lodge, all the charges against same. These payments continued until July, 1896, when the lodge refused to receive any further payments from appellee. Appellee repeatedly tendered to the officers of the lodge the dues and assessments which were refused, and he was ordered not to return to the office, as they would not receive same from him. The reason the lodge refused any further payments from Henry Denzer, as it appears in the record, was that at about this time appellee and his father became estranged, they were engaged in a lawsuit, and just prior to that time Adolph Denzer had married again; and he made an affidavit that the former certificate of insurance was not in his possession, and that he could not obtain it, and asked that it be canceled, and that another certificate be issued, and that his last wife and four grandchidren, naming them, be made the beneficiaries of it. Soon after this Adolph Denzer made application to the lodge for a final card withdrawing his membership which was accepted and the card issued; and from that time to his death in 1905 he was not a member, in any sense, of the order, and the last certificate payable to his wife and grandchildren lapsed, and became of no effect after the date of his withdrawal from the lodge. After his father died in 1905, appellee instituted this action upon the certificate of insurance of date July, 1890, the one in which he was made the sole beneficiary. He claimed that he received the certificate

under a valid gift from his father upon the considera-
tion that he would pay all the dues and assessments
due the lodge by his father; that appellant, through
its agents and officers, knew of this gift at the time it
was made, and knew that appellee had paid all the
dues and assessments from that time until 1896, and
by reason thereof he had a vested interest in the cer-
tificate of insurance of which his father, Adolph Den-
zer, had no power or right to divest him, and the acts
of Adolph Denzer and the officers of defendant in
attempting to divest him of his rights under the cer-
tificate sued on by issuing another payable to Adolph
Denzer's last wife and grandchildren, and by finally
issuing to him a withdrawal card as a member of the
lodge, were wrongful and void, and did not have the
effect to divest appellee of his interest in the cer-
tificate sued on. Appellant, by answer, put in issue all
the affirmative allegations of the petition, and by a
second paragraph set forth the change in the cer-
tificate by Adolph Denzer, and the fact that he ceased
to be a member of the lodge in October, 1896, and
asked that appellee's petition be dismissed.

The parties tried the case before a jury, and the
court instructed it as follows: "If you shall believe
from the evidence that at the time mentioned in the
petition Adolph Denzer gave the policy or certificate
of insurance sued on herein to his son, Henry Denzer,
and put him in possesison of it on the condition that
Henry Denzer should pay the charges, assessments,
and dues on the said certificate, and that the said Henry
Denzer did thereafter pay the charges, dues, and as-
sessments on the said certificate as long as the defend-
ant would accept the dues, charges, and assessments,
and that the defendant by its officers or agents knew
that Adolph Denzer had given the policy to his son,

and that the son paid the dues, etc., mentioned, then the law is for the plaintiff, and you should so find." A second instruction gave the converse of the first. The jury returned a verdict in behalf of appellee for the full amount of the certificate, less the charges, assessments, and dues which would have been due and payable on the certificate, considering Adolph Denzer a member of the lodge until his death.

The jury found in favor of appellee on the issue of facts. Therefore the only question to be considered on this appeal is: Did appellee, under the facts referred to, obtain a vested interest in the certificate of insurance, which his father had no power thereafter to cancel or change? In the certificate sued on is this language: "This certificate is issued subject to and is controlled by the laws of the order." This was the only reference to the laws of the order. They were not copied into the certificate, nor were they attached thereto. They were, however, filed and made a part of the pleadings in the action. We copy the following:

"Sec. 4. In the portion of this fund to which the beneficiaries of the deceased member are entitled, the members themselves have no individual property right. It does not constitute a part of their estate to be administered, nor have they any right in or control over the same except the power to designate the person or persons to whom, as beneficiaries, the same shall be paid at the death of the member. The beneficiaries thus designated have no vested right in said sum until the death of the member gives such right, and the designation may be changed by the member in the method prescribed by the laws of the order at any time before his death.

"Sec. 5. No liability for the payment of any money from this fund shall arise by virtue of any bene-

ficiary certificate, or otherwise, unless the member of the order named in such certificate shall in every particular, while a member of the order, comply with all the laws, rules, and requirements thereof; and shall, at the time of his death, be a member of said order in good standing; and that the certificate by virtue of which the demand is made shall not have been surrendered, or the rights thereunder surrendered by the member, or said certificate or his rights thereunder canceled at his request.

"Sec. 6. Any member desiring to change his beneficiaries may do so without the consent of the beneficiary, etc.

"Sec. 7. Any member in good standing may sever his connection with the order by paying all dues fines, and assessments charged against him, surrendering his beneficiary certificate in writing, together with all rights, benefits and privileges that he may have acquired by virtue of his membership in the order, when a final card shall be issued to him without the payment of any fee for such final card."

It appears from the laws of the order, which are a part of the contract as stated in the certificate, that Aloph Denzer had no property right in the fund named in the certificate, nor did it form any part of his estate to be administered; that the beneficiary named in the certificate had no vested right therein until the death of the member gave him such right; that the member had the right at any time to change the beneficiary without the consent of the named beneficiary. It is further provided that the society should not be liable for the payment of the sum named in the certificate, unless the member of the order named in such certificate should in every particular, while a memeber of the order, comply with all the laws, rules,

and requirements thereof, and at the time of his death be a member of the order in good standing. It is clear, under these provisions of the contract, that appellee did not and could not take a vested interest in the certificate of insurance. He took it subject to the rights of his father who, at any time, with the consent of appellant, could change the beneficiary. Appellee claims, however, that under section 679 of the Kentucky Statutes of 1903, the laws of the order copied above can not be considered a part of the certificate, or contract, because the same were not written in the certificate nor attached thereto. The statute, so far as applicable to the question at issue, is as follows: ''All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portion of the constitution, by-laws or other rules referred to; and unless so attached and acocmpanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between the parties.'' This statute has been repealed as to benevolent societies. It will be noticed that the certificate sued on was issued in July, 1890. The statute just quoted became a law after that date, and it expressly states that it applies to ''all policies

or certificates hereafter issued,'' and consequently it could have no application to the case at bar. To adjudge that appellee, under the facts stated, obtained a vested interest in this certificate, that his father, the member of the order, was thereafter prevented from making any change in the beneficiary or from withdrawing his mmbership from the order, and to adjudge that the order was prevented from expelling him as a member for improper conduct, which, of course, would have canceled the certificate, would, in the nature of things, thwart the order from carrying out the benevolent purposes for which it was organized as shown by its by-laws. It would sometimes compel a person to remain a member of the order against his will, and compel the order to retain a member after he had violated all the rules and regulations of the order, and after he had become unfit to remain a member of any organization.

In the case of Schillinger v. Boes, etc., 85 Ky. 357, 9 Ky. Law Rep. 18, 3 S. W. 427, this court, commenting upon the right of a member to change a beneficiary, said: ''The member as well as the beneficiary acquires his rights under the act of incorporation, and when the law of the asosciation, as well as the certificate of benefit, empowers the member to change the beneficiary, there is no question of public policy involved, and, the change being authorized by an express law or statute of the order, the right to make the change can not be questioned. * * * He had the right to cancel the certificate or decline to pay the dues, and thereby forfeit his right to the insurance.'' In the case of Masonic Benevolent Association v. Bunch, 109 Mo. 561, 19 S. W. 28, the court said: ''All the authorities agree that the right of members of benefit societies in the sums agreed to be paid at the

death is simply power to appoint the beneficiary, and
that the constitution or charter and the by-laws are
the foundation and source of such power.     *     *     *
And it is equally well settled that the beneficiary
acquires no vested interest, nor has he any property in
the certificate.  He has simply an expectancy which
may be devested by the member by changing the bene-
ficiary.     *     *     *     Nor is the right to change the bene-
ficiary affected by the fact that the first beneficiary .
paid the assessments.     *     *     *     Nor does the posses-
sion of the certificate by the beneficiary deprive the
member of the right to make the change.     *     *     *
This right to change has generally been held analogous
to a testamentary disposition of the benefit. It, like a
will, is revocable at any time during the life of the
testator.''  See, further, the case of Fisk v. Eq. Aid
Union (Pa.), 11 Atl. 84, wherein the court said: ''Not-
withstanding the fact that the certificate was delivered
to the plaintiff, and the assessments thereon were paid
by him, his wife had the right, on presenting it to the
supreme secretary, to apply for and effect a change
in the designation of the beneficiary named therein.
When plaintiff accepted the original certificate, and
paid the assessments thereon, he knew, or ought to
have known, that he held it subject to the right of his
wife to change the designation of those to whom the
insurance money should be paid upon her death.''  It
is true that there are respectable authorities sustain-
ing appellee's contention, but the weight of authority
is to the contrary.  See the case of Fischer v. Fischer,
99 Tenn. 629, 42 S. W. 448.  It is there said: ''It is
held in a number of cases, principally in New York
and California, following the New York cases, that
the beneficiary who pays the assessments does acquire
an interest which can not be divested without his con-

sent, when there is a special agreement to that effect, or that no substitution shall be made. See the cases cited in 3 Am. & Eng. Ency. of Law (2d Ed.), 993, and note 4. But these cases are not in accord with the weight of authority. Id. 990, and notes. The rule approved in the majority of the cases is based upon the provisions and reservations contained in the charter and by-laws of the society, and this furnishes the distinction between ordinary life and mutual benefit insurance policies. Id. 991. This rule adopted in the majority of the cases is in accord with the objects and purposes of beneficial orders in which the benevolent feature prevails largely. * * * The laws, articles of association, and certificates of membership of the order determine the rights of the members, and these laws, articles, and provisions of membership will be respected and enforced by the courts. * * * The beneficiary during the life of the member can have no more than a mere expectancy, resting entirely upon the volition of the member, and this can not, during the member's life, rise to the dignity of a vested property right. It is no more than the mere expectancy of a legatee or devisee, which, although it may be recognized by one will, may be defeated and extinguished by the execution of a subsequent will. The final power of disposition rests in the testator or member so long as he lives. The laws and regulations of the order enter into and become a part of every certificate issued to a member. Nor can it alter the rule that the expectant beneficiary has paid assessments or incurred expense upon the faith of the provisions in his behalf in a certificate which is afterwards canceled or changed. * * * But under the prevailing rule as laid down and recognized by the current of authority, and by our own cases, the member's right to dispose

of the insurance exists, notwithstanding the bene-
ficiary originally named has paid assessments or
incurred expense.''

For these reasons, the judgment of the lower court
is reversed and remanded for further proceedings
consistent herewith.