## Finch v. Bond.

(Decided April 15, 1914.)

### Appeal from Fulton Circuit Court.

1. Insurance, Life—Fraternal Insurance Society—Compensation for New Applications for Membership—Section 679 Kentucky Statutes. —The fact that a fraternal insurance society gives to each and all of its members, and to no one else, a small prize or compensation for procuring new applications for membership, is not such payment of a commission or employment of an agent as will take from such society its fraternal character under the provisions of Section 679 of the Kentucky Statutes as amended by the Act of 1906.

2. Insurance, Life—Relationship of Debtor and Creditor.—A creditor of a policy holder is not a "dependent" upon the policy-holder merely because of the relationship of debtor and creditor between them.

HERSCHEL T. SMITH for appellant.

THOMAS & WEBB and H. N. MOON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

William G. Bond was a locomotive engineer, employed by the Illinois Central Railroad, his run being from

Memphis, Tennessee to Fulton, Kentucky. When in Fulton he boarded with appellant, Susan A. Finch, and in August, 1910, being indebted to her and unable to pay, he took out a policy for $1,000 in the National Council of the Knights and Ladies of Security, naming Mrs. Finch as the beneficiary.

Thereafter, and in January, 1913, he was killed, and Mrs. Finch instituted this action against the company on the policy; the widow and children of Bond intervened, asserting claim to the proceeds of the policy, and the company paid into court the amount due thereon, leaving the court to determine whether the same should be paid to the widow and children or to the beneficiary named in the policy.

The lower court after all the evidence had been heard directed a verdict for the widow and children, and from a judgment on that verdict Mrs. Finch appeals.

Upon the trial the intervening defendants offered in evidence the constitution and by-laws of the society, showing that Mrs. Finch, under their provisions, was incapable of being made a beneficiary, and could take nothing under the policy; and the court permitted, over the objection of the appellant, these provisions of the constitution and by-laws to be read in evidence. It appears that neither the constitution nor by-laws of the society were attached to or incorporated in the policy, and it is therefore urged by appellant that under the provisions of Section 679 of the Kentucky Statutes they were incompetent evidence as against appellant.

Section 679 of the Kentucky Statutes as amended by the act of 1906 is as follows, to-wit:

"All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates "contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant and the portion of the constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall

not be considered a part of the policy or of the contract between such parties. The said policy or certificate, application, constitution, by-laws or other rules shall be plainly printed, and no portion thereof shall be in type smaller than brevier: Provided, however, that nothing in this section shall be construed as applying to health certificates or constitutional receipts, or other evidences used in reinstatement of a policy or certificate. But the provisions of this section and this subdivision shall not apply to secret or fraternal societies, lodges or councils, which are under the supervision of a grand or supreme body, and secure members through the lodge system exclusively and pay no commission nor employ any agents, except in the organization and supervision of the work of local subordinate lodges or councils.''

The amendatory part of that section constitutes the last sentence in it wherein it exempts fraternal organizations from the previous provisions therein. Prior to the enactment of that amendment it had been held to apply alike to old-line companies and fraternal organizations.

So that the question that we have here is whether or not, under the evidence in this record, this society is a fraternal organization or an old-line company; if it is the former the evidence was competent, and if it is the latter it is incompetent.

The certificate issued to its members referred to the society as a fraternal beneficiary society or order; the evidence is that the society was incorporated in Kansas and controlled by a grand or supreme body; that it secured its members through its local lodges throughout the country; that it pays no commission nor employs any agents except that it offers to its members small inducements to bring in new applications of other persons for membership; that is during some quarters it would give to each or any of its members who presented new applications for membership a small fee ranging from 50c during some quarters to a $1.50 or $2.00 during other quarters, and at other times it will offer certain ornaments to its members for bringing in new applications for membership.

It is urgently insisted for appellant that this is the paying of a commission or the employment of an agent within the meaning of the amendment, and takes from this society its character as a fraternal organization and makes it an old-line company within the statutory definition. But, we cannot agree to this reasoning; it was

clearly the Legislative purpose in the enactment of that amendment to make a distinction between old-line companies which were operated purely for profit, and fraternal organizations not operated for gain but for the mutual benefit and protection of its members. The mere fact that a fraternal organization offers to each and all of its members, and no one else, a small prize or compensation for bringing in new applications for membership is not such a payment of commission or employment of agents as will take from the organization its character as a fraternal society.

The case of Yeoman of America v. Rott, 145 Ky., 604, presents a question somewhat similar to this, and the court in passing upon this amendment said:

"While there is evidence to the effect that the officers and organizers of the local council in Louisville, through whom decedent obtained her certificate, issued certificates without initiating the applicants, and were guilty of certain other irregularities in the organization of the council, such acts on their part, committed in violation of the by-laws and rules of the company, did not have the effect of changing the character of the company and of making it any the less a fraternal society within the meaning of the statute. We, therefore, conclude that the application, examiner's report, and by-laws and rules of the company were properly admitted as evidence."

In the beneficiary certificate issued to appellant she was referred to as a "dependent" upon the decedent Bond, but the undisputed facts are that she was in nowise related to him and in no sense dependent upon him, unless it may be said that she as his creditor was dependent upon him. While a creditor has an insurable interest in the life of his debtor he cannot be said to be a dependent upon his debtor merely because of the relationship of debtor and creditor.

Judgment affirmed.