## Masonic Life Association v. Easley.

(Decided November 27, 1917.)

## Appeal from McLean Circuit Court.

Insurance—Unattached By-Laws as Part of Contract—Statute—Application.—Kentucky Statutes, Section 679, providing that the by-laws, etc., referred to in an insurance policy or certificate, must be attached thereto as a condition to being admissible in evidence or being considered a part of the contract, applies to a case where it is sought to rely on the unattached by-laws for the purpose of showing a forfeiture for the non-payment of assessments within the time therein provided.

SAMUEL M. WILSON and ERNEST WOODWARD for appellant.

JOE H. MILLER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming:

On May 15, 1899, the Masonic Life Association of Western New York, issued to William A. Easley a certificate insuring his life in the sum of $2,000.00 in favor of his wife, Minnie C. Easley. The insured died on December 9, 1915, and the association having declined to pay the insurance, the beneficiary brought this suit to recover on the certificate. Plaintiff's demurrers to the reformed and substituted answer and to the second amended answer were sustained and defendant having declined to plead further, judgment was rendered in favor of plaintiff for the full amount of the certificate. Defendant appeals.

The certificate is as follows:

"THIS CERTIFICATE WITNESSETH, that the Masonic Life Association of Western New York (located at Buffalo, N. Y.), in consideration of and in reliance upon the representations and agreements made in the application of William A. Easley, of Sacramento, Ky., for membership therein, and the sum of $2.64, by him paid on or before the delivery to him of this certificate, the receipt whereof is hereby acknowledged, and of his agreement to pay to the said Association upon the death of each member thereof, the sum provided in the by-laws to be paid, and in the manner provided, do promise and agree to pay to Minnie C. Easley, wife of the said William A. Easley (Two Thousand Dollars), the sum of $2,000.00, within

ninety days after satisfactory proof of his death shall have been received by the Association. Provided, however, that if the said party to whom this certificate is issued shall fail to pay the sums to be paid by him as aforesaid, or if any misrepresentations, untrue or fraudulent statement has been made in his application for membership in said Association, or if he shall be expelled from the Order of Free and Accepted Masons, or shall die by his own hand or act, sane or insane, within three years from the date of issue of this certificate, or in any other manner fail to comply with the conditions of the by-laws of the Association, then this agreement shall cease and be of no effect and all claims of whatever nature, beneficial or otherwise, arising under this certificate, shall be forfeited, subject in all respects to the by-laws of the Association.''

The application endorsed on the policy provides as follows:

''I, William A. Easley, aged last birthday 34 years, born Sept. 10, 1864, by occupation a minister, residing at Sacramento, in the County of McLean and State of Kentucky, do hereby make application to become a member of the above-named Association, and do declare that I am a Free and Accepted Mason, a member of Bailey Lodge No. 538, located at Sebree, in the County of Webster and State of Kentucky, that I am correct and temperate in my habits, and to the best of my knowledge and belief have no injury or disease, constitutional or otherwise, that will tend to shorten my life; am now in good health. And I promise, if accepted, to conform in all respects to the By-Laws, Rules and Regulations now in force, or which may hereafter be adopted by the Association, or its Board of Directors.

''If I should fail to make punctual payment of all assessments for which I may be liable, or if it shall be ascertained that I have made any untrue or fraudulent statement, or concealed any fact regarding my health, in this declaration, I hereby authorize the Board of Directors, upon satisfactory proof to them of the termination of my Lodge Membership by expulsion, non-payment of assessments in this Association, untrue statement, or concealment of fact, to erase my name from the list of members of the above-named Association. In which case I hereby agree to forfeit for the benefit and use of the association all payments previously made, my right of membership, and all benefits, rights or equities arising from my connection with the said Association.''

After setting out the contract and the death of the insured, the petition alleged in substance that the insured upon the delivery of the certificate paid the sum of $2.64 in cash, and thereafter paid to the association each and every assessment made against him upon the death of each member of the association, and that these payments were each accepted and retained by the association and appropriated to its own use and benefit. By its reformed and substituted answer and second amended answer, the defendant denied that the insured paid the assessments except as thereinafter stated. These pleadings then proceeded to set out certain provisions of the defendant's charter, and certain by-laws governing its business. It was further alleged that the amount of the assessments agreed to be paid and the time of their payment were not fixed by the contract of insurance, but that the by-laws had to be resorted to in order to determine the amounts of the several assessments to be paid, and the time when they were payable; that its board of directors, on September 21, 1915, made an assessment of $12.C0 against the insured in accordance with its by-laws, and that this assessment was due and payable on or before October 30, 1915; that the insured failed to pay said assessment on or before that date, and thereby forfeited all rights under his contract. It was also alleged that on November 26, 1915, the insured signed and furnished to defendant a reinstatement health certificate for the purpose of being restored to membership. The certificate contained a statement that the insured was in good health, whereas the insured was afflicted with a disease likely to shorten his life. Said illness was known to the insured, who died shortly thereafter, on December 9, 1915. The reinstatement having been secured by fraud was void, and the insured having forfeited his membership in the association by reason of default, plaintiff as beneficiary therein was debarred from recovery.

Section 679, Kentucky Statutes, provides as follows:

"All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portion of the

constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties."

It is conceded that the statute applies to the defendant and that its by-laws were not attached to or contained in the policy, but argued that inasmuch as the insured not only agreed to pay the sums required by the by-laws, but to pay them in the manner therein provided, it is absolutely necessary to resort to the by-laws for the purpose of showing the real contract between the parties. In support of this position, we are cited to the language of this court in the case of Nuetzel v. Travelers Protective Assn., 168 Ky. 734, 183 S. W. 499. In that case the certificate did not fix the amount which the company agreed to pay the beneficiary. It was held that the statute did not apply where it was necessary to resort to the unattached by-laws and constitution in order to determine the amount of the disability benefits which the company agreed to pay, and the language employed in the opinion must be construed in the light of that fact. Here it is sought to rely on the unattached by-laws for the purpose of showing that the insured did not pay his assessments within the time required by the by-laws and because of this fact his rights under the certificate had ceased. In other words, the defendant seeks to rely on the unattached by-laws for the purpose of showing a forfeiture. Forfeitures are never favored, and if the statute does not apply to a case like this it would be difficult to imagine a case where its provisions could be invoked. Since the association's whole defense rested on the unattached by-laws, which the statute declares shall not be considered a part of the contract, it follows that the demurrers to its various pleadings were properly sustained.

Judgment affirmed.