# Supreme Tent of the Knights of the Maccabees of the World v. Dupriest.

(Decided June 20, 1930.)

C. H. WILSON and CECIL C. WILSON for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellant seeks to reverse a declaratory judgment holding that the following benefit certificate is a valid contract:

"No. 9440                                              $2,000.00

"This certifies, that Sir Knight Robert L. Dupriest has been regularly admitted as a Member of Smithland Tent, No. 120, located at Smithland, State of Ky., and that in accordance with, and under the provisions of the Laws of the Supreme Tent of the Knights of Maccabees of the World, he is entitled to all the rights, benefits and privileges of member-

ship therein, and that at his death one monthly rate on each life benefit member not exceeding in amount the sum of two thousand dollars, will be paid as a benefit to Carrie M., John T., Ollie A., William W., Bob, Anice B., Cad A., & Marshall B. DePriest bearing relationship to him of Wife and Children upon satisfactory proof of his death together with the surrender of this Certificate provided he shall have in every particular complied with the Laws of Said Supreme Tent, now in force, or that may hereafter be adopted, and has not untruthfully answered any question of his application for membership, or made untruthful statements therein, as shown by said application which is hereby made a part of this certificate.

"In testimony whereof, the Supreme Tent has cause the Supreme Commander and Supreme Record Keeper to attest and affix hereto the Seal of the Supreme Tent of the Knights of the Maccabees of the World, this 14th day of Apr., 1904.

"(Seal)    D. D. Aithm, Sup. R. K.
"(Seal)    D. P. Markey, Sup. Com.

"Countersigned, sealed and delivered by the Sir Knight Record Keeper of Smithland Tent No. 120 Knights of the Maccabees of the World, this 14th day of May, 1904.

"O. C. Lasher, Sir Kt. R. K."

Dupriest began paying appellant assessments of $1.80 per month and dues of 10 cents per month. In 1923 appellant demanded of him $12.70 per month. Dupriest continued to send $1.90 per month until on March 5, 1924, when his remittance was returned with a rather sharp letter, demanding $12.70, and refusing to accept less. Thereupon Dupriest filed this action for a declaratory judgment determining his rights. By the judgment that resulted this was held to be a valid contract for $2,000, and the assessments against Dupriest were fixed at $1.80.

On May 14, 1904, when this contract was made, section 679 of the Kentucky Statutes (1903) read as follows:

"All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as

forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attched to said policy or certificate a correct copy of the application as signed by the applicant, and the portions of the constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties. The said policy or certificate, application, constitution, by-laws or other rules shall be plainly printed, and no portion thereof shall be in type smaller than brevier." Acts 1891-92-3, p. 672, sec. 142.

That means exactly what it says, and we have so decided in numerous cases. Mooney v. A. O. U. W., 114 Ky. 950, 72 S. W. 288, 24 Ky. Law Rep. 1787; Grand Lodge, A. O. U. W. v. Edwards, 85 S. W. 701, 27 Ky. Law Rep. 469; Bankers' Fraternal Union v. Donahue, 109 S. W. 878, 33 Ky. Law Rep. 196; Grand Lodge Ancient Order of United Workmen of Ky. v. Denzer, 129 Ky. 202, 110 S. W. 882, 33 Ky. Law Rep. 643; Sovereign Camp of Woodmen of the World v. Salmon, (Ky.) 120 S. W. 358; United Order of the Golden Cross of the World v. Hughes, 114 Ky. 175, 70 S. W. 405, 24 Ky. Law Rep. 984; Yeomen of America v. Rott, 145 Ky. 604, 140 S. W. 1018; Masonic Life Ass'n of Western N. Y. v. Robinson, 149 Ky. 80, 147 S. W. 882, 41 L. R. A. (N. S.) 505; Metropolitan Life Ins. Co. v. Little, 149 Ky. 717, 149 S. W. 998; Home Protective Ass'n v. Williams, 150 Ky. 134, 150 S. W. 11; Ferlage v. Supreme Tribe of Ben Hur, 153 Ky. 645, 156 S. W. 139; Finch v. Bond, 158 Ky. 389, 165 S. W. 400; Supreme Council Catholic Knights of America v. Fenwick, 169 Ky. 269, 183 S. W. 906; Nuetzel v. Travelers' Protective Ass'n, 168 Ky. 734, 183 S. W. 499; Supreme Council, Catholic Knights of America v. Wathen, 179 Ky. 64, 200 S. W. 320.

This statute became as much a part of the benefit certificate before us as if it had been written therein. Thereafter the statute was so amended as to make it inapplicable to societies such as appellant, but the rights of Dupriest, having become fixed when this certificate was issued, were not taken away by the amendment. To hold

otherwise would permit an impairment of the obligation of this contract. See American Patriots v. Cavanaugh, 154 Ky. 653, 157 S. W. 1099; Supreme Council C. K. of A. v. Fenwick, 169 Ky. 269, 183 S. W. 906.

For the appellant a vast number of cases from other jurisdictions are cited, but they avail it nothing; this contract was made in Kentucky, and the rights of these parties must be settled under this Kentucky statute as it was and this contract as it is. What the statute was we know, but we are left in uncertainty about the contract. This much we know, the court erred in holding this to be a contract for $2,000.

By the terms of the contract, the appellant agreed to pay to the wife and children of Depriest one monthly assessment on each life benefit member, provided that did not exceed $2,000. Concretely stated, that means that, if there are 600 such members when Dupriest dies, and the monthly assessment rate then is $2, appellant has undertaken to pay to the wife and children of Dupriest $1,200, but, if there then were 1,600 such members, it would only pay them $2,000, even though an assessment would raise $3,200; or, if there were then 60,000 such members, and the assessment rate $10 each, still the wife and children of Dupriest would get only $2,000. That disposes of the obligations of the appellant under this contract.

The obligations of Dupriest are not so clear. Turning back to and reading the certificate carefully will disclose that it does not impose upon him the payment of anything. All that he has to do is to comply in every particular with the laws of the Supreme Tent then in force or that may thereafter have been adopted. That means laws lawfully adopted and legally imposing some obligation upon Dupriest. No obligation is imposed upon him by any laws of the Supreme Tent, existing May 14, 1904, which were not then attached to this benefit certificate, and that means "attached"; handing to him a copy of such laws is not enough. See Bankers' Fraternal Union v. Donahue, 109 S. W. 878, 33 Ky. Law Rep. 196.

The statute in question was made for the protection of the insured, and hence, though unattached by laws, may be examined to ascertain the obligation of the insurer, as was held in Nuetzel v. Travelers' Protective Ass'n, 168 Ky. 734, 183 S. W. 499, yet such unattached by-laws cannot be examined to ascertain the obligation

of the insured. See Masonic Life Ass'n v. Easley, 178 Ky. 56, 198 S. W. 569.

Hence, if appellant desires to contend that on May 14, 1904, it had by-laws imposing some obligation upon Dupriest, it should have set them out in its answer, and should have alleged they were attached to the benefit certificate delivered to Dupriest. It did plead certain by-laws, but did not plead they were attached. By agreement the answer and amended answer of the appellant were controverted of record, and the cause submitted for judgment in April, 1925;

On December 2, 1924, Dupriest had given his deposition. The appellant had taken a number of depositions, which it had completed and filed on April 20, 1925, before the cause was submitted, and to these depositions filed for appellant Dupriest had filed exceptions.

Counsel for these litigants argued the matter orally before the trial court, and submitted elaborate briefs in support of their respective contentions.

All of this is set out in the record certified by the clerk, but on January 3, 1930, the appellant tendered and moved this court for permission to file a supplemental record. Dupriest objected, and appellant's motion was passed to the merits. This motion must now be passed on, so we shall state the nature of it and dispose of it.

After this cause had been under submission in the trial court for about three and one-half years, the appelpellant awoke and prepared a paper styled "Second Amended Answer." It also prepared a motion to file this paper, and this amendment and motion were submitted to counsel for Dupriest by whom a paper, styled "Reply to Amended answer No. 2," was prepared, in which he objected to the filing of the amendment and controverted it.

These three papers, the second amended answer, the motion to file it, and Dupriest's reply thereto, on September 25, 1928, were mailed to the judge for his consideration. On April 13, 1929, the court entered judgment, but no order was made relative to this second amended answer, the motion to file same, or the reply of Dupriest thereto. These papers being thus merely loose papers in the record without scratch of pen thereon to indicate they were tendered, filed, or refused, the clerk did not include them in the transcript. After the appeal had been here for four months, appellant had the clerk make a copy of these papers and certify they were in the case

but had not in any way been made a part of the record in the court below.

This is what he now seeks to file as a supplemental record. There has also been brought here the original papers of which they are copies, and there is not the scratch of a pen on them showing they were ever tendered, filed, or refused.

We cannot permit pleadings to be filed here which bear no indorsement showing they were either tendered filed, refused, or otherwise acted on by the trial court. See Nickell v. Fallen, 12 S. W. 767, 11 Ky. Law Rep. 621; Cates et al. v. Woolridge, 24 Ky. (1 J. J. Marsh) 267; Davis v. Harrison, 14 Ky. (4 Litt.) 261; Wright's Adm'r v. Wright, 108 S. W. 266, 32 Ky. Law Rep. 1223; 4 C. J. p. 59 sec. 1647; 2 R. C. L. p. 126, sec. 100.

This was a proceeding under the Declaratory Judgment act, see section 639a-1 et seq. of Civil Code of Practice.

By the terms of section 639a-6 it is provided: ''The court may refuse to exercise the power to declare rights duties or other legal relations in any case where a decision under it would not terminate the uncertainty or controversy which gave rise to the action, or in any case where the declaration or construction is not necessary or proper at the time under all the circumstances. The appellate court in its consideration of the case, shall not be confined to errors alleged or apparent in the record. When in its opinion, further pleadings or proof is necessary to a final and correct decision of the matters involved, or that should be involved, it shall remand the case for that purpose; or if in its opinion the action is prematurely brought, or where a ruling in the appellate court is not considered necessary or proper at the time under all the circumstances, it may direct a dismissal without prejudice in the lower court.''

No one can say what are the rights of these parties unless it is known just what the contract is. If nothing was *attached* to this benefit certificate, then it is the entire contract. If there was in fact a copy of the appellant's by-laws attached, then they became a part of the contract, and subsequent amendments lawfully adopted in conformity to the by-laws so attached will also become a part of this contract when attached.

Ordinarily, a court must decide the case the litigants bring it, but a declaratory judgment proceeding is different.

The provision of section 639a-1 is:

"In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequental relief is or could be asked."

Thus it appears that the making of such a declaration is optional with the courts, and, when this section 639a-1 is considered in connection with section 639a-6, it becomes clear the courts do not have to give such a declaration in every instance. Such is the general rule. See 33 C. J. 1098, n15d.

Courts cannot under the act be required to guess at the color of a pig in a poke. A court can require such further pleading or proof as is necessary to a final and correct decision of the matters involved. In this case the court should have required these parties by pleading to say whether or not the by-laws of the appellant were attached to this benefit certificate.

If litigants do not file such pleadings and offer such proof as is necessary to a final and correct decision, the court may decline to take any action until they do, may dismiss the case, or may propound to them questions and require pleading and proof thereon. If an issue of fact triable by a jury be developed by the pleadings, such may be submitted to a jury. See section 639a-7.

This so-called second amended answer does not meet these requirements. In it the appellant alleges that on May 14, 1904, Dupriest executed and delivered to it the following receipt:

"Received of the Supreme Tent, Knights of the Maccabees of the World, my certificate of membership to which were attached a copy of my application for membership and a copy of the by-laws of the Order, in accordance with the laws of the state of Kentucky.

"Dated at Smithland, state of Kentucky, this the 14th day of May, 1904.

"R. L. Dupriest.

"T. H. Wilson, Jr., Witness
"O. C. Lasher, Witness
"No. 120 Ky.
"AD1904"

Then it pleads that by the execution and delivery of that receipt Dupriest is estopped to deny that a copy of his application for membership and a copy of the laws of the order were attached to his benefit certificate. The appellant does not say the receipt is true or that a copy of its by-laws and the application of Dupriest were in fact attached, or that appellant was deceived thereby. However, as these papers are not and cannot be made parts of this record, we are expressing no opinion upon the question of estoppel or any other thing, except this, that further pleadings and proof are necessary to a final and correct decision, and, in order that such may be had, and for that reason only, this judgment is reversed, and all other questions are reserved.